## SAN ANTONIO & A. P. RY. CO. v. NAPPIER.

(Court of Civil Appeals of Texas. San Antonio. Dec. 6, 1911.)

1. WITNESSES (§ 361*) — IMPEACHMENT—CORROBORATION.

Where the undisputed evidence showed that a passenger had a ticket, a question as to whether he knew it was against the laws for a man to ride without having purchased a ticket, with his affirmative answer, did not amount to an attack on the passenger's character, and it was error to admit evidence of his good reputation for truth and veracity.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 361.*]

2. WITNESSES (§ 361*) — IMPEACHMENT—CORROBORATION.

That the testimony of a party was contradicted by that of the adverse party did not justify evidence of the party's good reputation for truth and veracity.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 361.*]

3. CARRIERS (§ 376*)—INJURIES TO PASSENGERS—LIABILITY—NEGLIGENCE.

The liability of a carrier for the misconduct of its agent at a station in confining in the station room a passenger ejected from the train for his failure to pay fare or produce a ticket does not depend on negligence.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 376.*]

Appeal from District Court, Wilson County; E. A. Stevens, Judge.

Action by J. H. Nappier against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

R. J. Boyle, Berry & Kleberg, and Robt. W. Stayton, for appellant. Canfield & King, for appellee.

JAMES, C. J. Appellee sued for damages, alleging in substance that he was a clergyman, entitled to travel on defendant's trains at half fare, and presented his book and his fare to the agent at Floresville for the purpose of taking a train to Runge, and that the agent failed to deliver to him his ticket inside of said book, when he handed it back to him, as was customary; that, relying on said custom, he put the book into his pocket and boarded the train; that when the train collector came around it was discovered that the ticket was not in the book, and, as he had no money, that official told him he would have to get off; that plaintiff replied that he had bought a ticket, and that his book, duly stamped, was proof of the fact, and plaintiff requested to be let off while the train was within the city limits of Floresville and moving slowly, and again asked to be let off at the town of Poth, and that the collector refused to do so short of the station of Falls City, at which place he ejected plaintiff, knowing at the time that Falls City had no accommodations for negroes, and that its

inhabitants had a violent prejudice against negroes; that, on being ejected, defendant's agent at that place, under duress and against his will, locked him in the station room and confined him there all night; that during the night three men attempted to break in, and frightened plaintiff, and he suffered great bodily and mental pain as direct results of said wrong, and by reason thereof was confined to his room by sickness for several days after returning to Floresville; and that plaintiff was compelled to sleep on the floor during the night, which caused his limbs and back to ache and produce great bodily pain, which, together with the shock and fright and mental strain produced by such treatment, caused him to sustain the damages for which he prayed. The court sustained a demurrer to the claim of exemplary damages, of which no complaint is made. There was a verdict for $250.

Defendant answered by general and special demurrers; general denial; that the failure to evict plaintiff short of Falls City was justifiable, because contrary action would have been against the reasonable rules and regulations of defendant; that plaintiff could have avoided the consequences of the alleged wrongs; and that his injuries were brought about by his contributory negligence in losing his ticket.

[1] By the first and second assignments appellant complains of the court's allowing plaintiff to show by witnesses that his reputation for truth and veracity was good. The court, it appears from the bill, admitted this testimony for the reason that a question had been put to plaintiff while on the stand, which, taken together with plaintiff's answer, was in the nature of impeachment. This we find, on examination of the record, is the only possible reason for admitting such testimony. The question and answer referred to by the court occurred in the cross-examination of plaintiff, and was as follows: "Do you know it is against the laws of Texas for a man in your position to ride on a train without having purchased a ticket?" Answer: "I am satisfied. They told me." This question had reference to plaintiff's return trip from Falls City to Floresville the next morning. The undisputed evidence shows that plaintiff did not ride on that train without having purchased a ticket. He went back to Floresville on his book, upon which a ticket was issued him at Falls City, and it was paid for by the porter at that station. There was clearly no violation of law, nor intention to violate the law, in this transaction. The question and answer, under these circumstances, did not amount to an attack on plaintiff's character; hence it was error to give it that effect and to admit the testimony.

[2] The said testimony cannot be justified

upon the ground that defendant undertook to show that plaintiff feigned the injuries he claimed to have sustained. Plaintiff claimed to have sustained certain discomforts and sufferings during the night at Falls City, while locked in the station room, and some sickness afterwards. He testified to all this, and his testimony is all there is upon this matter. It does not even appear that there was any effort made to disprove what he said on these subjects. But mere contradictory testimony would not have been sufficient to allow him to corroborate himself by proof of his good character, or character for truth and veracity. It may be true that plaintiff's mental anxiety, or his fright, or lack of it, and its extent, could only have been testified to by himself; but it is not the law that such situation alone entitles a party to support his statement by proof of his reputation for truth and veracity. The testimony of these character witnesses cannot in this case be said to have been harmless, and therefore the judgment must be reversed.

[3] The court, by its charge, permitted a recovery, not for eviction at Falls City, nor for not letting plaintiff off short of Falls City, but solely for what was done to plaintiff by defendant's agents or employés at its station upon his eviction at Falls City. An examination of this record and the briefs satisfies us that, under the testimony introduced, this was the correct submission of plaintiff's case, so far as he was shown entitled to claim damages. The charge submitting this matter was a correct one, notwithstanding it failed to require the jury to find that the enumerated acts involved negligence. The acts were such as afforded ground for the action, regardless of the feature of negligence. There is nothing in the charges of the court of which appellant can complain.

We are of opinion that none of the assignments show error, except the first and second, which we have sustained.

Reversed and remanded.